**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| THOMAS JAMES HILL,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and LENDING CLUB BANK,<br><br>Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW COMES Plaintiff, THOMAS JAMES HILL ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), and LENDING CLUB BANK ("LENDING CLUB") (collectively referred to as "Defendants"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Muskegon

County, in the City of Muskegon, in the State of Michigan.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EQUIFAX is a corporation conducting business in the State of Michigan and is headquartered in Atlanta, Georgia.

5. Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

7. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

8. Defendant EXPERIAN is a corporation conducting business in the State of Michigan and is headquartered in Costa Mesa, California.

9. Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

10. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C.

§1681(d).

11. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

12. Defendant, LENDING CLUB, is a bank doing business in the State of Michigan.

13. Defendant, LENDING CLUB, is a "person" as defined by 47 U.S.C. §153 (39).

14. At all times relevant to this Complaint, Defendants acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

15. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

16. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

17. Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX, EXPERIAN, and LENDING CLUB and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

18. CRAs, including EQUIFAX and EXPERIAN have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

19. On March 8, 2022, Plaintiff and LENDING CLUB settled an account beginning with 1607 ("Account").

20. Plaintiff made payments pursuant to the agreement, and thereby satisfied the settlement terms.

<u>Facts Relevant to EQUIFAX</u>

21. On March 27, 2026, Plaintiff received a copy of his credit report from EQUIFAX.

22. To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant LENDING CLUB reported inaccurate information regarding the Account to the CRAs, including EQUIFAX.

23. Specifically, EQUIFAX reported the Account as having a balance owed. This status is inaccurate because both Plaintiff and LENDING CLUB agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

24. Further, EQUIFAX and LENDING CLUB failed to report the payments Plaintiff made under the terms of the agreement. Specifically, EQUIFAX reported the Account with an inaccurate status of having a balance owed and with a balance being owed.

25. EQUIFAX's failure to report the Account accurately and failure to report the agreement between Plaintiff and LENDING CLUB and failure to report the payments Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

26. On April 7, 2026, Plaintiff issued a dispute to EQUIFAX regarding the inaccurate information being reported on the Account.

27. Specifically, Plaintiff disputed the inaccurate entry in his credit report that the Account was in a having a balance owed status and that any balance was owed on the Account.

28. Further, Plaintiff included proof of the settlement and payments to LENDING CLUB with his dispute letter.

29. His dispute was received on or about April 11, 2026.

30. However, despite having received the letter and accompanying proof of payments, EQUIFAX continued to report the Account as having an outstanding balance.

31. As described above, this current status of having a balance owed is inaccurate or, at the least, misleading and does not accurately reflect the status of the Account since Plaintiff satisfied the terms of the settlement agreement.

32. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

Facts Relevant to EXPERIAN

33. On March 27, 2026, Plaintiff received a copy of his credit report from EXPERIAN.

34. To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant LENDING CLUB reported inaccurate information regarding the Account to the CRAs, including EXPERIAN.

35. Specifically, EXPERIAN reported the Account as having a balance owed. This status is inaccurate because both Plaintiff and LENDING CLUB agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

36. Further, EXPERIAN and LENDING CLUB failed to report the payments Plaintiff made under the terms of the agreement. Specifically, EXPERIAN reported the Account with an inaccurate status of having a balance owed and with a balance being owed.

37. EXPERIAN's failure to report the Account accurately and failure to report the agreement between Plaintiff and LENDING CLUB and failure to report the payments Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

38. On April 7, 2026, Plaintiff issued a dispute to EXPERIAN regarding the inaccurate information being reported on the Account.

39. Specifically, Plaintiff disputed the inaccurate entry in his credit report that the Account was in a having a balance owed status and that any balance was owed on the Account.

40. Further, Plaintiff included proof of the settlement and payments to LENDING CLUB with his dispute letter.

41. His dispute was received on or about April 10, 2026.

42. However, despite having received the letter and accompanying proof of payments, EXPERIAN continued to report the Account as having an outstanding balance.

43. As described above, this current status of having a balance owed is inaccurate or, at the least, misleading and does not accurately reflect the status of the Account since Plaintiff satisfied the terms of the settlement agreement.

44. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

45. As described above, this current status of having a balance owed is inaccurate or, at the least, misleading and does not accurately reflect the status of the Account since Plaintiff satisfied the terms of the settlement agreement.

46. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

47. The aforementioned information reported by EQUIFAX and EXPERIAN regarding the Account with LENDING CLUB is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and LENDING CLUB.

48. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EQUIFAX and EXPERIAN are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

49. As of May 16, 2026, EQUIFAX and EXPERIAN continue to report the Account inaccurately, reporting a pay status with a balance owed.

50. If EQUIFAX and EXPERIAN would have complied with their statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

51. As a result of this conduct, action, and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

52. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

## COUNT I – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

53. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

54. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

55. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

56. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

57. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

59. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II– EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

60. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

61. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

62. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

63. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

64. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

65. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

66. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – EXPERIAN**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

67. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

68. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

69. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

70. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

73. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT IV – EXPERIAN**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

74. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

75. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

76. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to

maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

77. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

78. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

79. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

80. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V– LENDING CLUB
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

81. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

82. After receiving Plaintiff's dispute, LENDING CLUB failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

83. LENDING CLUB violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to EQUIFAX and EXPERIAN and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of LENDING CLUB's representations to the CRAs.

84. As a result of this conduct, action, and inaction of LENDING CLUB, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

85. LENDING CLUB's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

86. In the alternative, LENDING CLUB was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

87. Plaintiff is entitled to recover costs and attorneys' fees from LENDING CLUB, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: July 14, 2026

By: /s/ Jeffrey Lohman

Jeffrey Lohman, Bar #032315
The Law Offices of Jeffrey Lohman, PLLC
2325 Camelback Road, Suite 400
Phoenix, AZ 85016
T: (602) 461-7404

E: JeffL@jlohman.com

Attorney for Plaintiff,
THOMAS JAMES HILL